CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 6 2007

JOHN F. CORCORAN, CLERK
BY: _____
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| KHARY ANCRUM, | ) | |
| Petitioner, | ) | **Civil Action No. 7:07cv00523** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: **Samuel G. Wilson** |
| Respondent. | ) | **United States District Judge** |

Petitioner Khary Ancrum, a federal inmate proceeding pro se, filed this Motion to Vacate,

Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging the validity of his drug-

related conviction based on his allegations of ineffective assistance of counsel. However, Ancrum's

motion is barred by the one-year state of limitations for filing a § 2255 motion. Accordingly, the

court dismisses Ancrum's motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255

Proceedings.[1]

## I.

On July 22, 2004, Ancrum was sentenced to life imprisonment after being found guilty of

conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base,

in violation of 21 U.S.C. §§ 846 and 841(a)(1). Ancrum appealed and the Court of Appeals for the

Fourth Circuit affirmed his conviction on June 27, 2006. Ancrum also filed a petition for writ of

certiorari, which the Supreme Court of the United States denied on October 10, 2006.

Ancrum filed the instant motion, claiming that trial counsel was ineffective in failing to

"object to the use of a prior conviction that did not qualify as a prior conviction" and failing to

"move that the indictment should be dismissed based on a violation of the Interstate Agreement on

---

[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

Detainers." Ancrum signed and dated his motion on October 14, 2007 and signed a certificate of service on the same date. The court received his motion on October 29, 2007. By Order, entered October 31, 2007, the court notified Ancrum that his petition appeared untimely and gave him the opportunity to submit any additional argument and/or evidence concerning the timeliness of his motion. Ancrum responded, alleging that he mailed his motion on October 10, 2007 and, thus, it was timely filed.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Accordingly, Ancrum's conviction became final on October 10, 2007, when the Supreme Court of the United States denied his petition for writ of certiorari. Although Ancrum alleges that he filed his § 2255 motion on October 10, 2007, the court finds otherwise because he signed and dated his motion four days later, on October 14, 2007. Therefore, the court finds that, for purpose of the statute of limitations, Ancrum's motion was filed no earlier than October 14, 2007. Ancrum does not offer any evidence to show that he was in any way prevented from timely filing a § 2255 motion. Furthermore, he has failed to allege any facts to show any other circumstances that would toll or start the statute running

2

anew. Accordingly, the court finds Ancrum's motion untimely.

### III.

For the reasons stated, the court dismisses Ancrum's § 2255 Motion to Vacate, Set Aside, or Correct Sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This November 16, 2007.

_____
United States District Judge